Shaw C. J.
delivered the opinion of the Court. The only question submitted to the Court is, whether evidence was rightly admitted of the declarations made by the plaintiff to the witness Gray, that the contract made by him with Gray was made in his individual capacity, and not in behalf of himself and his partner Watson.
It was very truly stated in Pool v. Bridges, 4 Pick. 378, that it is difficult to lay down any precise general rule, as to the cases in which declarations are admissible, as part of the res gestas, and when they must be rejected as the mere asser ■ *315 tions of the party. Here the action having been brought ny the plaintiff alone, and not by him and Watson his partner, it became a material question, whether the goods were procured from Gray, by Allen in his individual or partnership capacity. Gray had already testified, that when Allen came to the store with Duncan for the goods, the witness did not know whether he said I will be responsible, or we will be responsible. It was therefore left uncertain, in which capacity he acted. Gray at first charged the goods to the copartnership ; but it is shown by his testimony to have been done, upon conjecture, without any express authority, and without the knowledge of Allen; and therefore that circumstance has very little weight in deciding the question. It was undoubtedly competent for Allen to declare, at the time of making the contract, whether he did it on the one or the other account, and such declaration would have been conclusive. Of course, therefore, he might give such declaration in evidence, though his own, as res gestee. Was it too late to do this xvhen the money became due, and before payment ? We think not. The business was still open and in progress. It seems by the evidence, that the bill was then presented, and then Allen first knew that the goods were charged to himself and Watson, and not to himself alone. He then immediately corrected the error, and told Gray that Watson had nothing to do with the matter. This was in effect an act done, a direction to Gray to correct his erroneous entry, to make out the account to Allen alone. And that this ,xvas done accordingly, is rendered probable from the fact that Allen afterwards paid it, by a settlement in which Watson had no concern. It is also of some weight in the consideration, that this declaration was made in the ordinary course of business, before any question or controversy arose which would render the fact material to himself, and that it was apparently against his interest, as it went to charge himself alone, instead of charging himself and another. It is also to be taken in connexion with the fact, that the money was actually paid conformably to this declaration by the plaintiff alone. It was therefore admissible as part of the res gestee.

Motion for neto trial overruled.